Filed 8/11/25  In re A.C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | D085878 |
| SAN DIEGO COUNTY HEALTH & HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. No. NJ520415B) |
| v. | |
| J.C., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Alejandro Morales, Judge.  Conditionally reversed and remanded with directions.

Caitlin E. Howard, under appointment by the Court of Appeal, for Defendant and Appellant.

David J. Smith, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Natasha C. Edwards, Deputy County Counsel, for Plaintiff and Respondent.

MEMORANDUM OPINION

J.C. (Father) appeals from a juvenile court order terminating his parental rights. (Welf. & Inst. Code,[1] § 366.26.) His sole contention on appeal is that the San Diego County Health and Human Services Agency (Agency) did not comply with its initial inquiry duty under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and its California counterpart (§ 224.2).

The initial duty of inquiry, which " 'continues throughout the dependency proceedings,' " requires the juvenile court and the Agency to ask extended family members, among others, " 'whether the child is, or may be, an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132 (*Dezi C.*).) In this case, on the paternal side, the Agency asked Father and a single paternal uncle, T.C., whether they had any Indian ancestry, but there is no evidence it attempted to make any ICWA inquires of other relatives from Father's large family, including those to whom it mailed placement letters and Father's siblings. As a result, Father contends the Agency did not satisfy its duty to adequately inquire as to the potential Native American ancestry of paternal relatives. The Agency does not disagree. Rather, it concedes that the record contains insufficient evidence that it conducted the necessary inquiry with the paternal relatives and that this constitutes error warranting conditional reversal.

Because the record does not contain substantial evidence to support the juvenile court's findings that ICWA did not apply and its implied finding that proper and adequate inquiry had been made, we accept the Agency's concession. We conditionally reverse the order terminating parental rights

---

[1]	Further undesignated statutory references are to the Welfare and Institutions Code.

with a limited remand for the Agency to comply with ICWA and section 224.2. (*Dezi C., supra*, 16 Cal.5th at pp. 1137, 1141.)

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with the inquiry and notice requirements of section 224.2. If the juvenile court thereafter finds a proper and adequate inquiry has been conducted and concludes that ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights. If the juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and California implementing provisions. (See 25 U.S.C. § 1912(a); Welf. & Inst. Code, §§ 224.2, subd. (i)(1), 224.3, 224.4.)


McCONNELL, P. J.

WE CONCUR:


IRION, J.


RUBIN, J.